Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| TARA RUSSELL, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| BAYSIDE ASSET RECOVERY, LLC, | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

TARA RUSSELL (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against BAYSIDE ASSET REOCVERY, LLC (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

6. Plaintiff is a natural person residing in Unity, Maine.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency and conducts business in Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls from 877-255-1947.

13. Defendant calls Plaintiff at her work, despite being told not to call Plaintiff at her work.

14. Defendant failed to identify itself as a debt collector in subsequent communications (See Exhibit A).

15. Defendant left a message on Plaintiff's secretary's machine that Plaintiff was being investigated for check fraud and that Plaintiff should immediately return the call or she would be arrested.

16. Defendant threatened to file a lawsuit against Plaintiff, but has not done so.

# COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by calling Plaintiff at work even though Defendant knew, because Plaintiff told Defendant, that Plaintiff's employer did not allow her to receive calls at work and thus at a time known to be inconvenient.

   b. Defendant violated *§1692c(a)(3)* of the FDCPA by calling Plaintiff at work even though Defendant knew, because Plaintiff told Defendant, that Plaintiff's employer did not allow her to receive calls at work.

   c. Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of an alleged debt owed.

   d. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural consequence is the abuse and harassment of the Plaintiff.

   e. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   f. Defendant violated *§1692e(4)* of the FDCPA by falsely threatening to have Plaintiff arrested even though Defendant did not intend to take such action.

   g. Defendant violated *§1692e(5)* of the FDCPA threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

   h. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff and/or have her arrested when Defendant did not intend to do so.

   i. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in

subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, TARA RUSSELL, respectfully requests judgment be entered against Defendant, BAYSIDE ASSET RECOVERY, LLC, for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, TARA RUSSELL, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  October 15, 2009                KROHN & MOSS, LTD.


By   /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

## VERIFICATION

STATE OF MAINE)

Plaintiff, TARA RUSSELL, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TARA RUSSELL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10-6-09                                                      _____
                                                                                  TARA RUSSELL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT A</u>**

PLAINTIFF'S COMPLAINT

**Russell, Tara v. Bayside Asset Recovery, LLC**

My name is _____.  This is to inform you that we have given Tara Russell an opportunity to contact the plaintiff to resolve this matter voluntarily.  If you chose not to do so _____ Terrell Russell.  If you have any questions on that, I can be reached at 1-877-255-1947.