Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tara Russell, | ) **Case No.: 2:09-cv-02176 ECV** |
| | ) |
| Plaintiff, | ) **NOTICE OF AND MOTION TO** |
| | ) **ENFORCE SETTLEMENT AND FOR** |
| v. | ) **SANCTIONS AGAINST DEFENDANT** |
| | ) |
| Bayside Asset Recovery, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMES NOW the Plaintiff, TARA RUSSELL ("Plaintiff"), by and through her

attorneys, KROHN & MOSS, LTD., and for Plaintiff's Motion to Enforce Settlement and for

Sanctions against Defendant, alleges and affirmatively states as follows:

1.  The parties reached the settlement of this matter on March 26, 2010.

2.  On May 3, 2010, Plaintiff executed all settlement documentation and forwarded

    to Defendant's counsel.

3.  Defendant was to then deliver the agreed-to settlement funds.

4.  On May 17, 2010, Plaintiff's counsel prepared an electronic mail (e-mail)

    correspondence to Defendant's counsel seeking status of the agreed-to settlement

    funds.

5.  Plaintiff's counsel did not receive a response from Defendant's counsel.

- 1 -

6.     On May 25, 2010, Plaintiff's counsel sent another e-mail correspondence informing Defendant's counsel that Plaintiff would be filing the instant motion due to Defendant's and counsel's failure to respond.

7.     Defendant has not acted in good faith during the settlement of this present matter as Defendant, despite agreeing to deliver settlement funds, refused to do so or even explain the reason for such to Plaintiff and her counsel.

8.     The Seventh Circuit has acknowledged that this District Court has an inherent power that "is a residual authority, to be exercised sparingly, to punish misconduct (1) occurring in the litigation itself, not in the events giving rise to the litigation (for then the punishment would be a product of substantive law-designed, for example, to deter breaches of contract), and (2) not adequately dealt with by other rules." Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Company, Inc., 313 F.3d 385, 391 (7th Cir. 2002).

9.     Defendant's conduct warrants the use of this court's power and authority to in order to punish Defendant's misconduct in the present matter as the Defendant has failed to perform the agreed to terms of the settlement in a timely fashion or even provide Plaintiff's counsel with a reason for such delay.

10.    As a result of Defendant's unreasonable and unexplained delay in consummating settlement, Plaintiff has incurred additional attorneys' fees in the present matter of three hundred and fifty four dollars ($354.00).  Specifically, Plaintiff's attorneys' fees are calculated as follows:

**May 17, 2010: 0.2 hrs; Nicholas Bontrager ($250/hr)**

*Reviewed file for status of settlement and payment; Sent follow up to counsel for status; Memo to file; Bontrager, Nick / Non-AZ Consulting Attorney*

**May 25, 2010: 0.3 hrs; Nicholas Bontrager ($250/hr)**

*Reviewed file for status on settlement and payment; Reviewed file and spoke with accounting to confirm no payment received (.2); Prepared written correspondence to counsel seeking status of payment and advised of motion to enforce (.1); Memo to file; Bontrager, Nick / Non-AZ Consulting Attorney*

**May 25, 2010: 0.8 hrs; Nicholas Bontrager ($250/hr)**

*Prepare Motion to Enforce; Reviewed file prior to drafting motion and made outline of facts supporting motion (.3); Drafted Motion (.3); Reviewed and inserted time entries into motion (.1); Reviewed and revised motion (.1); Memo to file; Bontrager, Nick / Attorney*

**May 25, 2010: 0.1hrs; Ryan Lee ($290/hr)**

*Received and reviewed motion to enforce from N.Bontrager; Reviewed motion in full; Approved to file; Memo to file; Ryan Lee / Attorney*

WHEREFORE, Plaintiff prays this Honorable Court enter an order requiring Defendant to comply with their settlement obligations within thirty (14) days or be held in contempt of court.  Plaintiff further prays that this Court sanction Defendant in the sum of $300.00 to compensate Plaintiff for his additional attorneys' fees incurred in having to bring the instant motion for Defendant's failure to consummate settlement.

Respectfully Submitted,

DATED: March 30, 2010          KROHN & MOSS, LTD.


By: /s/ Ryan Lee, Esq. _____ _

Ryan Lee, Esq.
Attorney for Plaintiff

- 3 -

MOTION TO ENFORCE

## PROOF OF SERVICE

I, Nicholas J. Bontrager, state the following:

I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 10474 Santa Monica Blvd., Suite 401, Los Angeles, CA 90025.  On May 25, 2010, I served the following documents:

**Plaintiff's Motion to Enforce Settlement**

On the parties listed below:


William R. Mettler, Esq.

3115 South Price Road

Chandler, Arizona 85248

wrmettler@wrmettlerlaw.com

By the following means of service:


[X]   **BY ELECTRONIC CASE FILING:** I transmitted the document(s) listed above electronically via the court's ECF system which will transmit the document to the e-mail address listed above.

[X]   **STATE:** I declare under penalty of perjury under the laws of California that the above is true and correct.


Executed on May 25, 2010, at Los Angeles, California.


By:/s/ Nicholas J. Bontrager

Nicholas J. Bontrager


- 4 -